**Fredi ADEMAJ, Plaintiff-Appellant,**

v.

**Amanda WAGUAMAN, Hospital Administrator; Suzanne Reynolds, Assistant Hospital Administrator; Mark William Prager, Doctor Staff Physician, Defendants–Appellees.**

No. 00–5611.

United States Court of Appeals,
Sixth Circuit.

Feb. 7, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; COLLIER, District Judge.*

Fredi Ademaj appeals a district court grant of summary judgment for defendants in this civil rights action filed under the authority enunciated in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Ademaj filed his complaint in the district court alleging that he received inadequate medical treatment for an eye condition that resulted from an accident prior to his incarceration. Plaintiff named as defendants two health administrators and a staff physician at the Federal Correctional Institution in Ashland, Kentucky, in unspecified capacities, and sought injunctive relief and compensatory and punitive damages.

Defendants moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. After defendants submitted a reply, the district court granted defendants' motion for summary judgment. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff essentially reiterates his contention that defendants were deliberately indifferent to his serious medical needs. Defendants respond that the district court's judgment was proper and that plaintiff's claims are barred on other grounds as well.

Upon de novo review, *see Brooks v. American Broad. Cos.*, 932 F.2d 495, 500 (6th Cir.1991), we affirm the judgment for the reasons stated by the district court in its memorandum opinion and order filed April 25, 2000. Essentially, plaintiff cannot show an Eighth Amendment violation based upon the denial of medical attention. *See Wilson v. Seiter*, 501 U.S. 294, 297–300, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Estelle v. Gamble*, 429 U.S. 97, 103–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.